Case 13-2388, Western World Insurance Company v. Mary Armbruster. Oral argument not to exceed 15 minutes per side. Mr. Ferris for the appellant. Good morning. I'm Don Ferris. I'm representing Mary Armbruster. I'd like to reserve two minutes for rebuttal. Mary Armbruster was catastrophically injured as a result of Burton Hoey's negligence. She was paralyzed from the navel down. She was 23 years old and just out of college. And at issue in this case is whether Western World, who was Hoey's insurer, which insured bodily injury on his place of business, whether that $1 million policy provides coverage for Mary Armbruster. I want to deal with the first issue first as to whether Judge Cook should have decided, in his discretion, not to exercise jurisdiction over this issue. Before you address that issue, can you bring us up to date on the other litigation? Has there been a final resolution of the workers' compensation claim? Well, here's what's happened in workers' comp. And it just happened, I think, about a month ago. There was a resolution, not a final resolution, but there was a resolution issued in which the parties agreed that Mary Armbruster was a temporary agricultural worker, but the comp carrier agreed to pay a substantial amount of money with that agreement. So she wasn't found to be an employee. The parties agreed. Mr. Hoey, I should say that. It was a settlement as opposed to a determination of coverage. There was a settlement, but what I want to emphasize to the court is that Western World, who has hired Mr. Wall and has their hands all over the workers' comp case, arguing that she's an employee and therefore would help in this case and also would help in the underlying litigation because it would get rid of the circuit court action if she's covered by comp. Wall has filed an appeal from that, arguing that the parties shouldn't have been allowed to reach a determination between themselves that she was an agricultural worker and even though money would be paid under the comp case. So that's what's happening with that, and that case is still on appeal. They just filed an appeal. I got it this week. They filed an appeal within the comp asking that the matter be remanded. Does that firm employed by Western World remain a representative in those claims? They remain a representative. We're arguing that they don't even have standing to argue that because Hoey doesn't want that decision overturned. Hoey himself doesn't want that decision overturned. Wall was supposedly his attorney, but Hoey personally signed a settlement. I don't know that you can tell us what Western World thinks, but is it concerned that in some way the agreement with those two parties would bind them or that some court would be influenced by their factual agreement? Presumably. I assume that's why they've always tried to keep the case out of Judge Shelton's hands on the comp issue. They're arguing jurisdiction on that issue. Back to the jurisdictional issue, I'm just going to tell you what's on my mind, and maybe you can address it. I'm sure you'll attempt to address this in your argument. I've been a judge for a very long time, both in state and federal court, and this case appears to me just to be the garden variety sort of case in which district judges choose to exercise jurisdiction every single day, and the question of jurisdiction is rarely, if ever, raised. We may have all this grand trunk authority out there, but what the district court did in this case is what happens routinely, i.e. assume jurisdiction, and I'm just able to discern anything inherent in this particular case or in the relationship between the federal and state courts that really argues strongly for that having been an abuse of discretion, and I'd appreciate it if you discussed that in your argument. I think that there have been, if you look at all the cases starting with grand trunk, there have been very few published decisions by this court. Everybody acknowledges about 99% of the time that, of course, there's jurisdiction if the district court decides to exercise it. Well, but there have been the cases that I cited, Bituminous, Travelers, Manly, Grand Trunk itself. Those are really, I don't mean outliers in the sense of our authority, but outliers in terms of what ordinarily happens, and I guess I'm puzzled to see what it is about this case that takes it out of the what ordinarily happens. Well, I think that this case is very similar to Bituminous. The issue here is what the employment status of Mary Armbruster was. Now, if Western World was sitting here, and Judge Stranch just asked me about, well, what happened in the comp case, if Western World was sitting here and saying that, okay, we refuse to indemnify Hoey, and we're not going to defend him, and we're going to bank everything on the Sixth Circuit, I could understand that, but they are litigating this case whole hog all over the place on the employment status of Mary Armbruster, which is exactly what happened in Bituminous. I mean, first they filed a comp case, then they fighted on the MIC, and now here they're arguing the employment status, and they can say, well, this is a little different that we're arguing about the employment status here versus the employment status on the comp. I don't think it is. They're trying to defend it all over the place so they don't have to pay. Now, there's no other case like that in the Sixth Circuit. Well, that's their interest, and of course they're entitled to have that interest, but your interest is only that you prefer a state forum for this particular issue for some reason. It's not only that, but it's also the fact that Judge Cook, I think, made a wrong decision on the issue of summary disposition. So you prefer a state forum because you don't like the way it turned out. I would prefer a state forum. I certainly would prefer a state forum. I'll be honest with the court. Judge Shelton ruled that she was a temporary agricultural worker. He ruled on that, and after he'd heard Mary Armbruster testify for two hours and after he'd heard Bert Hoey testify. Judge Shelton is not the comp judge. He was the circuit judge, and they didn't want this case in front of him. That's why I filed it. Wait a minute. Is that in the context of the comp case? Because I thought you told us earlier that it was the agreement of the parties that she was a temporary agricultural worker. No. They also didn't want Judge – they didn't file a motion – well, I filed a motion to strike their comp defense in the circuit court. I did that because I wanted Judge Shelton to decide the issue because he did have jurisdiction to do so. Western World's attorneys then filed – I mean, Western World actually filed the comp claim for my client. She didn't want comp. Did Judge Shelton rule that she was a temporary agricultural worker, or did the parties agree? No, he ruled that way. Then they filed an appeal to the Court of Appeals, and the Court of Appeals reversed on jurisdictional grounds, saying that Judge Shelton shouldn't have made that decision, that that should have been filed by comp. Through the normal comp procedure. Correct. Again, administratively. Correct. So what you've got is the circuit court going on, and he makes that decision. The appellate court reverses him and says, no, work your way through comp. And rather than your client doing that, a Western World representative came in and undertook that. Correct. All right. So I think where we're all headed is that both of you want someone to make this determination. You want the state court to make it. They want the district court to make it. What is your best argument for why only the state court can make that determination? I believe under the five factors of Grand Trunk, and even under Scottsdale, which I believe that the decision was dictated. I mean, when you look at bituminous and travelers, they come in in 2004, 2007. Scottsdale comes in in 2008. Scottsdale's decision was dictated. But even if it isn't, if you look at Scottsdale, they don't say that we're always going to use this one on parts one and two of the Grand Trunk argument, that we're always going to use this one, I would say, part of that argument, which is in Scottsdale, the only issue was a legal issue. That's what they say. If it's only a legal issue, if it's only between you two parties, then you can go ahead, then the circuit court, I mean the district court can decide the issue. But if it's a factual, if there's a factual dispute, which it's our position that there is a factual dispute here, it's the employment status of Mary, that because Judge Cook... Help us understand. Judge Cook... Why a determination of her legal status becomes a factual issue if the record is clear of how she worked, who she was hired. Those factual issues are on the record, but now the question becomes, in light of that factual context, what is she under this policy? Isn't that, is that not a legal decision? It's a legal decision, but I'm not sure that, but they continue to argue that she is a mere employee, which is what Judge Cook found. Judge Cook found that she can't be a seasonal temporary worker, which Judge Shelton found that she was. Now, if that's merely a legal decision, then I think that Judge Shelton is in a much better position to make that decision than Judge Cook was, because Judge Shelton heard the testimony, Judge Shelton is more familiar with Michigan law. Judge Shelton's had this case for two years before it got to Judge Cook. You think the Sixth Circuit Court of Appeals and Judge Cook are unable to look provisions, at provisions in an insurance policy and construe what the word employer, employee mean, what those words mean in the context of an insurance policy? You think we never saw that kind of problem before? No, I think you have. I think you have. But there's also the issue of there was procedural fencing in this case. Expand on that a little. Yes, of course there is. This whole basis for appeal is a prime example of procedural fencing. Now, there may be procedural fencing on the other side, but it's not exactly a situation where a blameless party invokes that against another party, is it? Well, Judge Cook found that there was none. If there was procedural fencing, then factors 3, 4, and 5 certainly favor the plaintiff. 4 and 5 always favor the plaintiff. 3, 4, and 5, so now you've got 3 out of 5, and is that an abuse of discretion? It's our position that it is. Your time is up. I'll go on. I'll waive rebuttal because I haven't got to the second issue. Well, okay, I'll hold rebuttal. How about this? We'll be sure you're able to address your second issue in rebuttal even if your opponent doesn't bring it up. Okay, thank you. All right. Good morning, Your Honors. May it please the Court, Nicolette Zakra on behalf of Western World Insurance Company. Does your company still employ an attorney in the workers' compensation claim? My understanding is that it does, but I do want to clarify that Western World did not, in its own name, file any state court claims and is not a party to any of the state court actions. The only action Western World is a party to, a named party to, is this one. Yes, there are questions about whether it has an obligation to defend in state court. Correct, and it is defending under a reservation of rights as it is appropriate for it to do, and that's one of the reasons why we feel it's important to have this issue decided and resolved so that Western World is not obligated to continue to provide a defense where it has no obligation to do so. What is the basis of its decision to bring a workers' compensation claim? I'm not the attorney in the workers' compensation case, so I can't necessarily speak to the specifics. But your company has employed someone to bring that claim. Certainly, on behalf of the suggested employer, I guess, I don't want to say employer necessarily because that's the issue in workers' comp, Bert Hoy, my belief is that it was determined that workers' compensation was the appropriate venue to determine her employment status because in the state case, unlike in this coverage dispute, in the state case her employment status has to be defined within the context of the Workers' Compensation Act. I understand what your position is. I'm just struggling with the fact that there appears to be an agreed resolution by the actual people involved. I guess you would have to call one of them your client because you're paying for their representation. I don't understand how you could continue litigation on behalf of a client who has said, I've settled my claim. Your Honor, I'm not fully cognizant of the most recent developments in the workers' complications. My understanding in terms of my discussion with the attorneys in that case was that there was a settlement agreed to but that, and Mr. Ferris does not speak for Bert Hoy, he's not his attorney, in this case or any other, was that Mr. Hoy, as the employer, has the right to not accept it. Now what papers were signed or not signed, I don't know, and I don't know in terms of the workers' compensation whether Mr. Hoy is opposing it or not, but I believe that the appeal was because it was believed that the settlement didn't properly... Well, it really doesn't matter what the appeal is for. My question to you is how do you have, if in fact you went in to represent someone in that action, your insurance company paid to represent someone in that action, and that someone settles the case. I guess what I'm struggling to understand how you could go on because you don't have a right to act in your own interest, which is what it appears, so are we back to procedural fencing again? I don't think so, and let me just say this. I believe part of the reason that it was appealed has to do with the fact that the state court personal injury action is held in abeyance pending a determination of her employment status, Mary Armbruster's employment status, in the workers' compensation case. Now if that case is settled, there is no determination as to her employment status, whether they've agreed upon it or not in the workers' compensation case, doesn't resolve the state court personal injury action. I think that's probably part of the reason why it's being appealed. I'm totally confused about how Western World has appealed a case to which it is not a party, which is what I understood to be said earlier. But let me, I want to back up and ask you about something else connected with that and then maybe we can return to that. Whether Ms. Armbruster is an employee under state law and whether then workers' comp provides the exclusive remedy against her employer, that will be determined according to state law, correct? Whatever the state law in Michigan is. Correct. This case, the ultimate determination, is whether she is an employee under the terms of the contract. We might look to Michigan law to help interpret the contract, but probably it's governed by Michigan law. But the answer to those two questions is not necessarily the same. Correct? That's correct, yes. And not only that, yes, the employment status of Mary Armbruster is determined by the terms of the Western World policy within the context of the coverage dispute. The factual dispute in the state court is slightly different in terms of this temporary agricultural worker, which comes from the Workers' Compensation Act. But not only that. As a temporary agricultural worker, what is the remedy? Does the temporary agricultural worker, is the exclusive remedy against the employer or is that worker not entitled to Workers' Comp but they just agreed that she would get a payment anyway? What's the import of that? I believe that the implications, and I am not the attorney representing the Workers' Comp issues in terms of the state court personal injury action, but I believe that there are implications for whether or not the employer is required to have workers' compensation coverage for a seasonal agricultural worker or not, so he may be personally liable versus his workers' compensation coverage. But if you won the workers' compensation suit by the position that you are taking, that Western World's attorney is taking, then you would turn around in this cause of action and say that employee is covered by Workers' Comp, we're done, right? No, that's not correct. So you're telling me that you would fight to have workers' compensation say this is a Workers' Comp covered injury and you would not then use that to say, which automatically means it cannot be covered by our policy under the terms of our policy? For purposes of coverage under this policy, I don't think it matters what her employment status was. Her employment status under the policy, she is excluded from coverage, whether she is an employee, a temporary worker as defined in the policy, which is not a seasonal agricultural worker, it is a temporary worker, or if she's an independent contractor. And those are the only three statuses she can have. There is no other status within the context of applying the terms of this insurance policy that she could be. There is no fourth category for temporary agricultural worker or seasonal. Is there a category that says, we do not cover Workers' Compensation covered employees in this policy? Isn't there a Work Comp exemption? I believe there is a reference, possibly under the medical payments provision, which is coverage C, but not under the main coverage A provision. But the three exclusions that are primarily discussed in my brief are applicable under both provisions, but I think there is a reference in coverage C medical payments to that, but that would be additional in addition to the other exclusions. But basically the outcome of a determination regarding her employment status in the state court suit or the Workers' Comp suit is not relevant to the determination of the coverage issues here because she is excluded. Why would you employ an attorney to bring an action in the Workers' Compensation arena? I can't speak specifically to that because I'm not the attorney that was employed to do that. Well, you're the counsel for the company that employed somebody to bring that cause of action, and are you telling me that you don't know why the company brought the cause of action because, frankly, counsel, it seems pretty obvious that that cause of action was brought for the purpose of obtaining a ruling that this woman was covered by Workers' Compensation and in that instance is then, therefore, no longer covered by your insurance policy. Why else would you spend your money to bring that cause of action? The reason that I believe, and I can't speak to it because Western World tells their attorneys, and Matt Hatch is one thing they tell us, they keep it separate. But my belief is that the attorneys retained to defend Mr. Hoy and Ms. Lambers under reservation rights in the state court personal injury action asserted Workers' Comp exclusive remedy, and they determined for purposes of their strategy that it was more appropriate to have the Workers' Comp agency make a determination as to her employment status, and I believe that was the reason that they were retained to pursue the Workers' Comp action on behalf of Bert Hoy. It seems like the only legitimate interest there would be only to the extent that Western World saw being a volunteer, essentially, in the Workers' Comp case. It seems, frankly, a rather odd position for Western World to have put itself in if that's indeed what happened. I don't hear you telling us it didn't. But it seems like that the only interest Western World would have in being involved in the Comp case is if it somehow thought that the resolution of the Comp case would help it extricate itself sooner rather than later from defending the case under a reservation of rights. In other words, just let's move this along in whatever venue we can move it along. Well, I'm not sure about that last statement, but I believe that whether it's a federal venue or whether it's extricating ourselves from defense in the state court action through the vehicle of helping out with the Workers' Comp case, it seems to me that that's the only thing strategically that makes any sense to me. In reference to Western World, but again, I will say that in the state court case... We don't have anybody else to talk to about Western World but you. I understand. I understand. In the state court case, though, they're pursuing a defense of exclusive remedy provision of the Workers' Comp Act. I understand that. And so purity would be that the pure way to look at it would be that Western World would defend based on the exclusive remedy of the Workers' Compensation provisions, but Western World wouldn't have any real interest in involving itself in the Workers' Comp case. It would in its efforts to defend Bert Hoy essentially from the state court personal injury action because they want the determination of Workers' Comp regarding employment status. If she's found to be an employee in Workers' Comp and that Workers' Comp applies and that's ultimately what the issue is there is that Workers' Comp applies, then exclusive remedy applies, and the personal injury suit goes away. But in terms of liability coverage, we have to defend under this reservation of rights until this coverage issue is resolved and the resolution of this coverage dispute isn't dependent on the facts or the strategic maneuvers or who Western World is defending in the underlying suits. And how does this not raise the specter of procedural fencing? Western World is not an actual party in any of the state court cases. Western World is entitled to choose its forum when it files the declaratory action, which is what it did. What's your take on how bituminous applies to this case or doesn't apply to this case? I believe bituminous is distinguishable because in that case the underlying plaintiff who was injured was not made a party to the declaratory action, and that particular policy didn't have exclusions for any employment status, whether it was employee, temporary worker, or independent contractor, which ours does. So the factual determination regarding employment status... I'm only talking about the jurisdictional issue. Well, that is what's relevant to the jurisdictional issue because in discussing the Grand Trunk factors, whether it would settle the controversy between the parties or clarify legal relations between the parties, those were the things that were part of what was discussed in bituminous is that the underlying plaintiff was not a part of party to the declaratory action, so it wouldn't resolve the controversy because then that plaintiff could go ahead and litigate it. I don't remember if it was himself or herself, but that party could go ahead and still re-litigate the issue because it wouldn't be reissued if it was asked to that party. And again, so there are distinguishing facts in the bituminous case from the instant case. I believe if you've answered the question, if there are no further questions, your time is up. Okay. Thank you. Mr. Ferris, we'll let you finish up with your two minutes. Your Honor, I think the key, and Judge Stranz asked again about what's going on with the comp case, is Hoey reached a settlement contrary to what Western World wanted, and Western World's taking an appeal from that. I have the appeal brief on my desk. Whose name did Western World take an appeal? On their own. Well, they're not a party to the case. Correct. And we're arguing that they don't have standing to do so. Well, yeah, and that's not before us today. No, but that certainly shows where they're coming from, and the reason they did so is you hit it on the head. If they win in comp, this case goes away. If they win in comp, they certainly would if there were still an insurance issue because the circuit court action would go away, but if there was, they would certainly trumpet to this court that the comp case, There's nothing inherently wrong or evil about an insurance company trying to extricate itself from defending, providing a defense in litigation where it thinks it has no coverage through a variety of means. It's unusual to defend a client and then take the position. Oh, I agree. I agree it's unusual, but it's not inherently, I don't know of any negative value judgments that necessarily attach to it. In fact, it could be viewed as a help to your client. I mean, I doubt it was for altruistic purposes, but. I suppose it could help if we win, but. It could only help if you have actually exercised coverage of that employee and your declarations in workers' comp, correct? Correct. So what it could do is it could leave you remedy-less. Correct. Now, let me ask you. The Western world policy is a general commercial liability policy, right? Right. And that generally is designed to cover patrons injured at the business, not employees. So, I mean, that's what you're trying to say. Wait, though, but she's not, your client's not an employee. We are arguing that she is not an employee, that she was a temporary worker. A temporary worker. That was paid by cash, that was paid, you know, and they don't define what an employee is, they leave it up to. General Michigan law, I suppose. Well, they don't say that. I mean, they don't define what an employee is. Well, but if it's not defined, don't you look to the terms of how the state of Michigan would define an employee? I guess my question is the one that I raised in the brief, is why don't they just say that? If they're going to say that they're not going to cover anybody that has anything to do with helping Bert Hoey in a service manner, then why do they have this employee, independent contractor, temporary worker? I mean, I think what happened was is that there used to be policies with a temporary worker that temporary workers were not covered. So somehow they changed that language to say that temporary workers, I mean, excuse me, that temporary workers were covered, and now they've changed the language to say that temporary workers are not covered. But my argument is that, particularly in view of the fact that Michigan law says that if the evidence of the status of a party is reasonably susceptible of a single inference, that's a question of law. But if conflicting inferences may reasonably be drawn from the known facts, it's error to withhold the issue from the determination of the jury, and exclusionary clauses are construed against an insurer. And it's our position is, well, why do you limit that exclusionary clause, which is supposed to exclude people, to just temporary workers who are furnished, as opposed to Mary Armbruster? That's what the contract does. That was not something plucked by air out of the district court, by the district court. That's in the provisions of the contract. The provisions indicate what? What I define a temporary worker. And it is not Ms. Armbruster under the terms of the contract. Because she's not furnished. Right. So she's no longer a temporary worker. That didn't come from anywhere other than the language of the contract. But you're construing the contract against the insured, which is not, if you do that. But you can't ignore it. No, you can't ignore it, but it's certainly capable of two reasonable inferences. What's the other reasonable inference? The other reasonable inference is that she is a temporary, that she constitutes a temporary worker. She meets the definition of temporary worker other than she's not furnished. So what does that make her? The definition. Temporary worker means a person who is furnished to you. And she clearly wasn't furnished to Mr. Hoy. So she's now no longer, even though Judge Shelton has ruled she is a temporary agricultural worker, she's not. Judge Shelton, whatever he was doing, was not construing the terms of this policy. Correct? Correct. Correct. So what, do we care what he thought? I care that he thinks that she was a temporary worker. And if you say, well, if the only temporary workers are those that are furnished, because now you want to read that exclusion, you want to read that exclusion as a minimum. Judge Shelton's, I think we've probably beaten this as much as we can, but Judge Shelton's not authority for us under any circumstances. And I cannot see how in the world we would think that what he thinks about Michigan workers' comp law has any ability to influence us in our decision with respect to the terms of the insurance policy at issue. I think that one's a stretch, Mr. Ferris, for me at least. I'll say one last thing. Judge Cook wanted to read the exclusionary clause as minimalist, or I mean as tightly as it's written, but then wants to expand on what an employee is. And even though it's not defined, why not do it the opposite way? Doesn't the question become what you have to say in order to define employee? Is it your position that you would have to list each kind of category in order to name them as an employee? Or do you not think that you then either turn to the definitions under Michigan law or the dictionary definitions in order to determine what and who is an employee? Well, you could in each case say that this is to be determined under Michigan law. You could say that. I don't think you'd have to say, you know, try to figure out every possible person that would be an employee. And if it's determined under Michigan law, wouldn't your client be considered an employee? If it is determined under Michigan law, yes, I would say that she is. Thank you. All right. We appreciate the argument that both of you have given, and we'll consider the case carefully. And I think everything else this morning was submitted on the briefs. Thank you. You may adjourn court.